By the Court,

Nelson, Ch. J.
When this case was formerly before us, we held that the destruction of the goods by fire, under the circumstances stated in the return, constituted a good defence to the action. (5 Hill, 588.) Whether the return was competent evidence of the fact in favor of the sheriff, was not then made a question, but has been on the second trial.
The return of a sheriff is nothing more nor less than his answer .under oath respecting the duty enjoined upon him by the *121 writ; and is intended to inform the court of what has been done in the promises. It usually concludes the parties in the same action in which it is made; out in another action, or in one against the sheriff, it is only prima fade evidence, and may be contradicted. (Dalton, 189, 190; Vin. Ab. tit. Return, (O) pl. 25, 47; Watson On Sheriffs, 72, 73; 11 East, 297.) If it embraces matters not pertaining to the duties which the writ commands, that is, not touching the things which the officer is required to do in executing the process, it is thus far made without the sanction of the sheriff’s official oath, and must be treated-like the unsworn declaration of a private individual.
A return to a fi. fa., showing that it has been executed, is of course always pertinent to the duty enjoined upon the officer. And any legal and valid excuse for not executing the writ, such as nulla bona, want of bidders, and the like, is equally pertinent and appropriate by way of return. In Gyfford v. Woodgate, (11 East, 296,) the action was for maliciously suing out a second fi. fa., after sufficient goods had been levied on under the first to satisfy the debt. Aiid the return of the sheriff) stating that he had forborne to sell under the first writ, and had sold under the second, at the instance and with the consent of the plaintiff, was held prima fade evidence of such consent.
I am therefore of opinion that the return in this case, setting up the casual destruction of the goods levied 'on by fire, was prima fade evidence of the fact in favor of the defendant; and that the plaintiff could not recover without disproving it.
The general doctrine adverted to covers also that part of the return which sets up the service of the order to stay all proceedings on the fi. fa. But if it were necessary to go further, cases may be found quite decisive of the particular question. In Clegkorn v. Des Anges, (3 J. B. Moore, 83,) it was held, that a return of supersedeas to a fi. fa., by the defendant’s suing out a writ of error in due time, was appropriate and pertinent.
(See also Watson On Sheriffs, Append. 371.) So in respect to process against the person, a return that the defendant has been discharged on habeas corpus is good. (Vin. Ab. tit. Return, (L) pl. 22; Watson On Sheriffs, Append. 371.)
*122 I think the case was properly disposed of at the circuit, and that a new trial should be denied.
Ordered accordingly.